UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JESSE R. McNUTT**                                                                                **PLAINTIFF**

v.                                      **CIVIL ACTION NO. 5:24-CV-P121-JHM**

**CALLOWAY CO. JAILER KEN CLAUD**                                     **DEFENDANT**

### MEMORANDUM OPINION

*Pro se* Plaintiff Jesse R. McNutt, who was a prisoner at the time he filed his complaint, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed without prejudice to Plaintiff filing an amended complaint.

### I. STATEMENT OF CLAIMS

Plaintiff's original complaint, which he wrote on his own paper, names Calloway County Jailer Ken Claud as Defendant. He states that while at the Calloway County Jail (CCJ) he challenged the lack of a "law study area" and having the television on "24/7." He further states that he was not provided his prescribed medicine and did not receive proper medical attention. According to Plaintiff he had a "diabetic open wound" with a possible staph infection. Plaintiff also complained of the heavy handed "military" tactics used during his arrest.

In response to the Clerk of Court's deficiency notice, Plaintiff refiled his complaint on the Court's form. On that form, he indicates that Defendant Claud is being sued in his individual and official capacities for denial of "medical treatment to 75-yr old w/o regard for age or condition." He alleges that on May 6, 2024, he was denied an eye exam and glasses; that on June 6, 2024, he was denied a hearing on his challenge to his conditions of confinement and was also denied legal

research tools; on June 30, 2024, his nutritional and exercise needs were denied and "safety standards [were] ignored/denied;" and on July 5, 2024, he did not have a bed or bunk because of overcrowding at CCJ. He states that he was too scared of contracting MRSA to shower with strangers. He also expresses dissatisfaction with Defendant's responses to his grievances. Additionally, Plaintiff complains of the lack of a number of services, such as mental health care services and opioid treatment programs.

It is unclear what relief Plaintiff requests.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

The only conduct of Defendant that Plaintiff points to is Defendant's denial of his grievances. However, Defendant is not subject to § 1983 liability based on how he answered Plaintiff's grievances, as "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Therefore, this issue is subject to dismissal for failure to state a claim upon which § 1983 relief may be granted.

If a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) ("Even a pro se prisoner must link his allegations to material facts and indicate what each defendant did to violate his rights.") (citations omitted); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims because the complaint did not "allege with any degree of specificity which of the named defendants were personally involved in or responsible for each" alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

However, the Court will dismiss the action without prejudice and with leave to amend the complaint for Plaintiff to name additional Defendants, if necessary, and explain what specific action Defendant(s) undertook in violation of his constitutional rights. *See Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *4-5 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

4

The Court **DIRECTS** the Clerk of Court to place this case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to file an amended complaint as well as four summons forms should Plaintiff wish to add additional Defendant(s).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: January 4, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.009