UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JESSE R. McNUTT**                                                                                          **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 5:24-CV-P121-JHM**

**CALLOWAY CO. JAILER KEN CLAUD**                                                        **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Jesse R. McNutt, who was a prisoner at the time he filed his complaint, initiated this 42 U.S.C. § 1983 action. On initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court dismissed this action without prejudice to Plaintiff filing an amended complaint. Plaintiff has filed an amended complaint. For the following reasons, the Court reopens this closed case and reviews the amended complaint pursuant to § 1915A.

**I.**

Plaintiff's original complaint named Calloway County Jailer Ken Claud as Defendant. Plaintiff alleges that while at the Calloway County Jail (CCJ) he challenged the lack of a "law study area" and having the television on "24/7;" not being provided his prescribed medicine; and not receiving proper medical attention, despite, at the time, having a "diabetic open wound" with a possible staph infection. Plaintiff also complained of heavy handed "military" tactics used during his arrest.

In response to the Clerk of Court's deficiency notice, Plaintiff refiled his complaint on the Court's form indicating that Defendant was being sued in his individual and official capacities for denial of "medical treatment to 75-yr old w/o regard for age or condition." He alleged that he was denied an eye exam and glasses, a hearing on his challenge to his conditions of confinement, and

legal research tools. He also complained that his nutritional and exercise needs were not met; that he did not have a bed; and that there was a lack of mental health and drug treatment. Furthermore, he was dissatisfied with Defendant's responses to his grievances.

On initial review, the Court dismissed Plaintiff's claim related to Defendant's denial of his grievances because "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). The Court explained that because Plaintiff did not supply any allegations of specific conduct undertaken by Defendant that allegedly violated his constitutional rights, the case was subject to dismissal. The Court dismissed with leave to amend the complaint to name additional Defendants, if necessary, and explain what specific action Defendant(s) undertook in violation of his constitutional rights.

Plaintiff has filed an amended complaint (DN 11). The Court construes the amended complaint as requesting to reopen this case, which the Court **GRANTS** (DN 11). The Court **DIRECTS the CLERK OF COURT to reopen this case**.

## II.

The Court must conduct the required initial screening of the amended complaint (DN 11). When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

The amended complaint again asserts only claims against Defendant. Plaintiff alleges that Defendant "has absolute responsibility" for denial of medicine and medical appointments. DN 51, PageID #: 50. He refers to Defendant as the "CEO," and asks, "What is CEO job description? Is it head official to punish the elderly; especially if the prisoner is a diabetic with a terminal disease that required medications to survive!" *Id.* at PageID #: 48-49. He further asserts that because Defendant "is the overseer of many males/females in his society it is his necessary actions that govern the general welfare in the institution," and he asserts that Defendant "has no education as to the needs of the elderly." *Id.* at PageID #: 51-52.

Here, Plaintiff again fails to allege that Defendant directly participated in the events related to his claims. Rather, Plaintiff seeks to hold Defendant liable because of his position as the CCJ Jailer, or, as he puts it, "CEO." However, the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability to supervisors. *Monell v. N.Y.C. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983

action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Moreover, supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee*, 199 F.3d at 300 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Accordingly, Plaintiff fails to state a claim against Defendant for which relief may be granted.

For the foregoing reasons, the Court will, by separate Order, dismiss this lawsuit.

Date: February 20, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009

4